# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TRACY JO GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:18-03080-CV-RK |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE ALJ'S DECISION

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA's") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found that Plaintiff has the following severe impairments: "bipolar mood disorder, rule out cognitive disorder; obesity; and degenerative disc disease of the cervical and lumbar spines." The ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite Plaintiff's limitations, she retained the residual functional capacity ("RFC") to perform light work[1] limited to simple tasks for two hours at a time with occasional, incidental contact with others, and avoiding irritant exposure. The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, she can perform jobs that exist in significant numbers in the national economy, such as the jobs of marker and routing clerk. Consequently, the ALJ concluded that Plaintiff was not disabled.

On appeal, Plaintiff argues that (1) the ALJ failed to properly assess Plaintiff's credibility and (2) the ALJ erred by not ordering physical and mental consultative examinations.

## I. Credibility

In her first point, Plaintiff agrues that the ALJ failed to properly assess her credibility. When evaluating a plaintiff's subjective complaints, an ALJ "must give full consideration to all of the evidence presented relating to subjective complaints . . . [including]: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "The ALJ is not required to discuss methodically each *Polaski* consideration, so long as he acknowledges and examines those considerations before discounting the [plaintiff's] subjective complaints." *McDade v. Astrue*, 720

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

2

F.3d 994, 998 (8th Cir. 2013) (cleaned up). The ALJ may discredit subjective complaints of pain if they are "inconsistent with the evidence on the record as a whole" but must "make an express credibility determination detailing his reasons for discrediting the testimony." *Delrosa v. Sullivan*, 922 F.2d 480, 485 (8th Cir. 1991). In reviewing the ALJ's decision, this Court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Here, the ALJ followed the above rules, and his findings are supported by substantial evidence. The ALJ cited as his guidepost 20 C.F.R § 416.929, which tracks the *Polaski* factors. (Doc. 3-2 at 9.) He then gave three reasons for finding that "claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Doc. 3-2 at 11.)

First, the ALJ found that Plaintiff's allegations of chronic back pain were not consistent with records that showed she has "a largely normal gait and range of motion with only tenderness to palpation of the spine." (*Id.*) Plaintiff reported no problems with bending, twisting, or squatting. (Tr. 320.) Despite tenderness, medication seemed to reduce her pain, and her gait was considered "somewhat slow . . . but even" and "normal." (Tr. 375, 423, 514, 519, 524, 533.)

Second, regarding Plaintiff's allegations of mental health symptoms, the ALJ found no history of psychiatric hospitalization or counseling and no documented side effects from medications. (Doc. 3-2 at 11.) *See Moore v. Astrue*, 572 F.3d 524, 525 (8th Cir. 2009) (legitimate for an ALJ to consider a plaintiff's limited and conservative treatment in the credibility analysis). Plaintiff does not cite any record of psychiatric hospitalization or counseling, and the Court sees only a single reference to "therapy" from approximately 25 years ago.[2] (Tr. 458.)

Third, the ALJ found that Plaintiff's allegations of chronic pain and mental health symptoms were inconsistent with her activities of daily living. (Doc. 3-2 at 11.) Plaintiff self-reported that she helps take care of pets, makes meals, does housework, shops for groceries (with help), and has no problems with personal care. (Tr. 246-48, 316-17, 319.) *See Vance v. Berryhill*,

---

[2] While the record does indicate Plaintiff experienced side effects from her medications, despite the ALJ's statement to the contrary, the Court is not persuaded that the side effects would have impacted the ALJ's assessment of Plaintiff's subjective complaints. The SSA does not contest that the ALJ was incorrect in making this finding, given that a physician's note shows Plaintiff complained of weight gain from one medication. (Tr. 339, 466.) She also reported sleepiness and aggression. (Tr. 368, 379, 419.) However, Plaintiff's physicians changed her medications and dosages, which seemed to alleviate the problems. (Tr. 66, 379, 402-03, 415, 468-71, 502.)

860 F.3d 1114, 1121 (8th Cir. 2017) ("The inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility."). Accordingly, the ALJ's assessment of Plaintiff's subjective complaints is supported by substantial evidence.

II.     **Development of the Record**

Second, Plaintiff argues that the ALJ failed to fully develop the record because he did not order psychological and physical consultative examinations. The ALJ has an independent duty to "neutrally develop the facts" but need not "seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Here, the record already contains a report from a psychological consultative examination conducted on July 15, 2015. (Tr. 338-44.) Plaintiff argues the report is outdated but points to no evidence that her mental state has deteriorated since that time. Furthermore, recent treatment records suggest normal functioning with controlled bipolar symptoms. (Tr. 458, 461-71, 504-05, 514.)

The record also contains substantial evidence to support the ALJ's evaluation of Plaintiff's physical capabilities without a physical consultative examination. Treatment records show some reports of pain and limits on range of motion but normal muscle strength, gait, station, and posture. (Tr. 465, 512, 514, 519, 524.) Plaintiff's activities of daily living also demonstrate her physical abilities. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."). Accordingly, the ALJ did not have a duty to further develop the record.[3]

---

[3] Plaintiff argues in a third point on appeal that "if the ALJ's decision denying benefits was not supported by substantial evidence, the case must be reversed and remanded." (Doc. 7 at 12.) To the extent this general statement of law can be construed as an argument that the ALJ's decision overall is not supported by substantial evidence, the Court disagrees for the reasons already stated.

4

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
DATED: April 29, 2019                     UNITED STATES DISTRICT COURT